United States District Court
Southern District of Texas
**ENTERED**
March 29, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBO HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3396 |
| | § | |
| JAMES HEALY, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

**I.**

Before the Court is the defendant's, James Healy ("Healy"), motion to dismiss the plaintiff's, Robo Holdings, LLC ("Robo Holdings"), complaint [DE 6] pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3) and 28 U.S.C. §§ 1332(a), 1391 and 1404(a). The Court has examined the motion, response and reply, and the parties' complaints, and determines that the motion to dismiss should be granted.

**II.**

On July 19, 2017, Healy filed suit in the 61st Judicial District Court of Harris County Texas asserting that Robo Holdings reneged on his employment contract. Healy, who is a resident of the state of New Jersey, relocated to Texas based on a promised base annual salary, and on the promise that he would be reimbursed for expenses incurred while working for Robo Holdings. When Robo Holdings failed to properly and promptly address the reimbursement issue, Healy resigned on June 13, 2016. He immediately filed suit for damages, as a result of the contract disputes, in a Texas state court and Robo Holdings filed an answer, but did not file a counterclaim or cross-claim against Healy. That suit remains pending. However, Robo Holdings later filed a separate suit against Healy, the case before the Court.

**III.**

Healy contends that Robo Holdings' November 7, 2017, suit against him presents causes of action that arise out of the same nucleus of facts as his state court suit. In his state court suit, Healy asserts claims against Robo Holdings for breach of contract, quantum meruit, promissory estoppel and against unjust enrichment. *See Healy v. Robo Holdings, LLC*, (CA. No. 2017-47693). Approximately, four months later, Robo Holdings filed suit in federal court asserting claims against Healy for breach of contract, common law fraud and fraud in the inducement [DE 7]. Robo Holdings does not dispute Healy's assertions concerning the two lawsuits. Healy, therefore, asserts that Rule 12(b)(1) permits dismissal of Robo Holdings' suit for "lack of subject matter jurisdiction", pointing to FRCP 12(b)(1) and *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir. 2001). Finally, Healy asserts that, pursuant to FRCP 12(b)(3), Robo Holdings' suit is not properly placed because the defendant is not a citizen of the state of Texas – hence, improper venue. Robo Holdings' response to the Healy's motion to dismiss rests primarily in its amended, complaint where it contends the "defects raised in [Healy's] motions have been cured . . ."

**IV.**

The Court is of the opinion that Healy's motion to dismiss should be granted. The facts pled by Healy, in the state lawsuit, are the genesis of both disputes. Moreover, Robo Holdings does not dispute the fact.

The facts show that Healy executed an employment agreement, but shortly thereafter resigned due to disputes concerning alleged promised benefits that were not forthcoming. He sued and Robo Holdings answered the suit. However, Robo Holdings did not assert counterclaim in Healy's suit. Instead, Robo Holdings initiated this suit in federal court. Robo

Holdings does not dispute that the differences between the parties arise out of the same nucleus of facts and that Robo Holdings' federal claims are mandatory counterclaims.

The Federal Rules of Civil Procedure, Rule 13(a) provides that: **A pleading "must" state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (a) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim** . . . [emphasis supplied]. *See* Texas R. Civ. P., Rule 97(a).

Because the facts are undisputed on the critical facts, identity of occurrence, Robo Holdings' suit is a compulsory counterclaim and the Court is without subject matter jurisdiction to entertain Robo Holdings' suit. The suit must be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ramming*, 281 F.3d at 161.

Healy's motion to dismiss is Granted without prejudice to the merits of Robo Holdings' counterclaims.

It is so Ordered.

SIGNED on this 29th day of March, 2018.

_____
Kenneth M. Hoyt
United States District Judge